IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| COURTNEY PARSONS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-00597-O-BP |
| | § | |
| TRANSUNION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion to Remand to State Court filed by Plaintiff Courtney Parsons ("Parsons") (ECF No. 3) and the Response (ECF No. 8) that Equifax, Inc. ("Equifax") filed on June 27, 2025. This case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 5. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** the Motion (ECF No. 3).

**I.   BACKGROUND**

Plaintiff initiated this action on or about May 9, 2025, in the 348th Judicial District Court of Tarrant County, Texas. ECF No. 3 at 2. On June 6, 2025, Trans Union LLC ("Trans Union") removed the case from state court. ECF No. 1. Parsons now moves to remand the case because "Plaintiff's claims arise solely under state law and do not involve a federal question under 28 U.S.C. § 1331." ECF No. 3 at 3 (cleaned up). She also alleges that removal is improper because complete diversity does not exist, and all of the defendants did not consent to removal. *Id*. Further Parsons argues that "[e]ven if the Court were to find federal jurisdiction exists, the removal was untimely… ." *Id*.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A federal court has subject-matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and civil cases in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. "Complete diversity 'requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)).

A defendant to a civil action filed in state court may remove the action to federal court if it could have been filed there originally. 28 U.S.C. § 1441(b). It is the removing party's burden to show that federal jurisdiction, and thus removal, is proper. *Lone Star OB/Gyn Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 528 (5th Cir. 2009). Whether federal jurisdiction is proper depends upon "the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). "Any ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno*, 276 F.3d at 723).

Courts must liberally construe the pleadings of parties appearing without counsel, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "[A] *pro*

*se* complaint, however in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a liberally construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

### III.  ANALYSIS

#### A.  The Court has jurisdiction because Parsons's claims arise under the FCRA

In her Original Petition filed in state court, Parsons asserted that "[t]he Court has jurisdiction over this matter under the laws of the State of Texas and the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq." ECF No. 1-1 at 6. In the statement of her claim, she asserted that she "brings this lawsuit for statutory and actual damages arising from violations of the Fair Credit Reporting Act and negligent misreporting of credit-related information." *Id.* at 7. For damages, she "seeks a monetary judgment [sic] the amount of $100,000 for damages including emotional distress, financial losses, and ongoing harm due to Defendants' negligence and failure to comply with federal law." *Id.* Trans Union removed the case to this Court based on Parsons's petition. ECF No. 1.

In her Amended Complaint filed on June 10, 2025, Parsons states that "[t]his is an action for damages under the Fair Credit Reporting Act (FCRA), 15 U.S.C. -1681 et seq." and alleges that the "Court has subject matter jurisdiction pursuant to 28 U.S.C. -1331 and 15 U.S.C. -1781p." ECF No. 13 at 1. She alleges that "the credit bureaus failed to conduct proper reinvestigations as

required under 15 U.S.C. -1681i …" *Id.* at 2. Her claims for relief are for violation of the FCRA, 15 U.S.C. §§ 1681i and 1681(2)(b). *Id.* at 3-4.  She seeks damages for "willful and negligent violations of the Fair Credit Reporting Act…." *Id.* at 4.

In its Notice of Removal, Trans Union states that federal question jurisdiction exists because Parsons's claims arise under the Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq*. ECF No. 1 at 2. Despite her assertions that her claims arise only under state law, Parsons has pleaded claims arising under federal law. Therefore, there is federal question jurisdiction under 28 U.S.C. § 1331. As a result, the parties do not need to plead jurisdiction based on diversity of under 28 U.S.C. § 1332 in their Notice of Removal.

  **B.** **The Notice of Removal was timely filed, and the defendants that had been served properly consented to it.**

For removal to be timely, the notice must be "filed within 30 days" after the defendant receives a copy of the initial pleading, through service of process or otherwise. 28 U.S.C. § 1446(b)(1). The removal statute, 28 U.S.C. § 1441, is "strictly construed, and any doubt as to the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem*. Co., 491 F.3d 278, 281-82 (5th Cir. 2007). A removing defendant has the burden of establishing that removal was proper. *Lone Star OB/GYN Assocs. v. Aetna Health Inc*., 579 F.3d 525, 528 (5th Cir. 2009). "Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law." *City of Clarksdale v. BellSouth Telecomms*., Inc., 428 F.3d 206, 210 (5th Cir. 2005) (citing *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 352-53 (1999)).

"In removed cases, the question [of] whether the plaintiff has properly served the defendant is determined by reference to the applicable state law." *Armstrong v. Sw. Airlines Co*., No. 3:20-cv-3610-BT, 2021 WL 4219706, at *2 (N.D. Tex. Sept. 15, 2021) (quoting *Thevenet, v. Deutsche

4

*Bank Nat'l Trust Co*., No. 3:17-cv-1832-D, 2017 WL 4475880, at *2 (N.D. Tex. Oct. 6, 2017). Additionally, "[w]hen service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)). The United States Supreme Court has interpreted § 1446(b) as requiring formal service of process upon a defendant before the thirty-day removal period begins to run. *Murphy Bros*., 526 U.S. at 344. Federal Rule of Civil Procedure 4 and Texas Rule of Civil Procedure 103 prohibit a plaintiff from serving the defendant herself. *See* Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and *not a party* may serve a summons and complaint.") (emphasis added); Tex. R. Civ. P. 103 ("no person who is a party to or interested in the outcome of a suit may serve any process").

Parsons also alleges that "removal was untimely," and that "removal [was not] consented to by all served Defendants[.]" *See* ECF No. 3 at 2. Plaintiff served process on Trans Union in the state action on May 19, 2025, and Trans Union filed the Notice of Removal on June 6, 2025. *See* ECF No. 1 at 1; *see also* ECF No. 1-1 at 37. As a result, Trans Union filed its Notice of Removal within the thirty-day deadline to do so pursuant to 28 U.S.C. §§ 1446(b). Trans Union also filed Equifax and Westlake's respective consents to the Removal. *See* ECF No. 1-2.

Experian, however, was not properly served at the time Trans Union filed its Notice of Removal, and thus was not required to consent to removal. *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, n.9 (5th Cir. 1988) ("This statute has been interpreted to require that all then served properly joined defendants join in the removal petition."). Parsons's service of process on Experian was improper because she personally mailed it to Experian. *See* ECF No. 1-1 at 114. As a party, she was not permitted to mail the citation and petition on a defendant. *Khnanisho v. S. Mail Serv., Inc.*, No. 3:22-cv-02791-N-BT, 2023 WL 11828795, at *2 (N.D. Tex.

5

May 1, 2023) ("However, both federal and Texas rules state that under no circumstances is a party permitted to themselves serve the defendants."); *accord* Fed. R. Civ. P. 4(c)(2), Tex. R. Civ. P. 103. As a result of the improper service, Experian's consent to removal was not required. Thus, Trans Union's Notice of Removal was timely, and it included the consent of the defendants that Parsons had served properly.

## IV.   CONCLUSION

Parsons asserts claims arising under the Fair Credit Reporting Act, a federal statute. The Court has subject-matter jurisdiction 28 U.S.C. §§ 1441 and 1331 over her claims because she raises a federal question. Trans Union timely removed the case to this Court, and the defendants that had been served properly with a copy of the state court petition and citation consented to the removal. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** the Motion to Remand (ECF No. 3).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th

Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

    **SIGNED** on July 18, 2025.

<i>/s/ Hal R. Ray, Jr.</i><br>
Hal R. Ray, Jr.<br>
UNITED STATES MAGISTRATE JUDGE